UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil Case No. 11-753 (JNE/SER)

Tonya Magnan, on her own behalf and
on behalf of her minor child, A.R.;
Susan Hendrickson, on her own behalf
and on behalf of of her minor child, A.S.,

         Plaintiffs,

vs.

Sgt. Michael Young, Sgt. Jonathon Kingsbury,
Officer Michael Moore, Officer Christopher
Smith, Sgt. Christopher Granger,
Officer John Doe (whose true name is unknown),
Officer Joe Smith (whose true name is unknown),
Officer Jane Roe (whose true name is unknown),
and City of Minneapolis,

         Defendants.

**FIRST AMENDED COMPLAINT**

JURY TRIAL DEMANDED

Plaintiffs Tonya Magnan and Susan Hendrickson, for their Complaint against above-named Defendants, state and allege as follows:

## I. INTRODUCTION

1. This is a civil rights action arising from Defendants' unjustified and unreasonable detention of Plaintiff Tonya Magnan and her daughter Ashley Rouse (A.R.), and Alana Smith (A.S.) on July 11, 2010. While responding to a shooting inside the home of Magnan's son, Minneapolis police officers detained Magnan and Rouse in a police squad car for approximately three hours and detained Smith for approximately five hours even though none of these individuals could have been reasonably been suspected of any criminal activity. During this time, Magnan's son was taken to the hospital after being been critically wounded but the

police would not allow her to go to the hospital.  After they allowed Smith to leave the squad car, police took her to the police station for several more hours and interrogated her without ever seeking her permission or even notifying her parent.   Plaintiffs' causes of action include violations of their constitutional rights pursuant to 42 U.S.C. § 1983, and common law claims for false imprisonment.

## II.  PARTIES

2. Plaintiff Tonya Magnan is a resident of Hennepin County, Minnesota.  She sues on her own behalf and on behalf of her sixteen year-old daughter Ashley Rouse (A.R.) who lives with her.

3. Plaintiff Susan Hendrickson is a resident of Hennepin County, Minnesota.  She sues on her own behalf and on behalf of her fourteen year-old daughter Alana Smith (A.S.) who lives with her.

4. Defendant Sgt. Michael Young, is and at relevant time hereto was a police officer employed by the City of Minneapolis, who upon information and belief, participated in the decision to detain Plaintiffs and their children on July 11, 2010.  Said Defendant was acting under color of state law, and is being sued in his personal and official capacities.

5. Defendant Sgt. Jonathan Kingsbury, is and at relevant time hereto was a police officer employed by the City of Minneapolis, who upon information and belief, participated in the decision to detain Plaintiffs and their children on July 11, 2010.  Said Defendant was acting under color of state law, and is being sued in his personal and official capacities.

6. Defendant Officer Michael Moore, is and at relevant time hereto was a

police officer employed by the City of Minneapolis, who participated in the unlawful detention of Plaintiffs and their children, and unlawful seizure of a mobile phone from Plaintiffs on July 11, 2010.  Said Defendant was acting under color of state law, and is being sued in his personal and official capacities.

7.   Defendant Officer Christopher Smith, is and at relevant time hereto was a police officer employed by the City of Minneapolis, who participated in the unlawful detention of Plaintiffs and their children on July 11, 2010.  Said Defendant was acting under color of state law, and is being sued in his personal and official capacities.

8.   Defendant Sgt. Christopher Granger, is and at relevant time hereto was a police officer employed by the City of Minneapolis, who participated in the unlawful detention and interrogation of Plaintiffs and their children on July 11, 2010.  Said Defendant was acting under color of state law, and is being sued in his personal and official capacities.

9.   Defendant Officers John Doe, Joe Smith, and Jane Roe, whose true names are unknown, are police officers employed by the City of Minneapolis, who participated in detention of Plaintiffs on July 11, 2010.  Said Defendants were acting under color of state law.  They are being sued in their personal and official capacities.

10.   Defendant City of Minneapolis is a city in the State of Minnesota, and through its police officer employees, is responsible for the actions that are the subject of this action.

### III.  FACTS

11.   On July 11, 2010, shortly after midnight, Plaintiff Tonya Magnan learned that there was a shooting a her son's house at Thomas Avenue North in Minneapolis, and that her

son had been shot and was dying.  She immediately ran to her son's house, which was one-half block from her own house.  Magnan was accompanied by her sixteen year-old daughter Ashley Rouse.  Magnan dialed 911 as she ran to her son's house.  A Minneapolis police officer requested that Magnan and her daughter enter her son's house to get her son's dog.  The house had not been secured by police.  A.R., after running into the dining room, saw the dead body of the person who had invaded her brother's home and shot her brother.  Magnan got the dog and they left the house.  She requested that the police immediately get the ambulance to save her son.  A police officer responded that they could not send the ambulance until they secured the scene.

        12.     After she waited helplessly for a substantial period of time without the police arranging for her son to get medical attention, Magnan told A.R. to call eyewitness news.  In response, an unknown Defendant Minneapolis police officer took away A.R.'s phone before she could complete her phone call.  A Defendant Minneapolis police officer then ordered Magnan and her daughter A.R. to get inside a police sqaud car.  The officer closed the door so that Magnan and A.R. were locked inside with the window rolled up.  The squad car was hot and Magnan and A.R. had blood and vomit on them from the scene of the shooting.  During this time, A.R. yelled to police officers that she had to go to the bathroom.  Defendant police officers refused to let her out of the car despite her screaming in pain.  Magnan also begged to be able to see her son in the hospital but Defendant police refused to let her out of the car.

        13.     Police officers finally let Magnan and Rouse out of the police car at approximately 3:00 am.  At that time, police took Magnan and Rouse to their house and interrogated them.  Unknown Defendant police officers would not let them leave and go to the hospital for approximately another hour.  When Magnan and A.R. finally got to the hospital, her

son and A.R.'s brother had been taken into surgery without their mother having the opportunity to see him, and without anyone being able to sign a consent for the surgery.

14. At the time of the shooting, two family friends were staying at Magnan's house. One of those friends was fourteen year-old Alana Smith (A.S.) As they stood outside the house where the shooting occurred, unknown Defendant Minneapolis police officers ordered them to get inside a police squad car. Police had no reasonable basis to suspect A.S. and the other friend were involved in any criminal activity. The car was locked and they could not get out. Since the window was rolled down slightly, A.S. and the other friend got wet and cold due to the rain. They were not allowed out of the squad car until approximately 5 am.

15. After police finally let A.S. out of the squad car, they did not let her go free but unknown Defendant police officers transported her to the police station downtown and interrogated her. She was thereby detained for approximately two more hours.

16. Throughout the time that A.S. was detained and interrogated, Defendant police never notified A.S.' mother and caretaker, Plaintiff Susan Hendrickson, that A.S. was being detained or interrogated.

17. As a result of Defendants' actions, Plaintiffs and their daughters suffered pain, mental and emotional distress, embarrassment and humiliation, the invasion of their persons and property, and have incurred other losses and damages, for each altogether **in excess of** $50,000.

### IV.  CAUSES OF ACTION

18. Plaintiffs hereby reallege and incorporate by reference all of the facts and allegations contained in paragraphs 1 through 17 of this Complaint.

19. **COUNT 1 - VIOLATION OF 42 U.S.C. § 1983 - FOURTH AMENDMENT -- UNLAWFUL AND UNREASONABLE DETENTION.** Defendants, acting under color of state law, deprived Plaintiffs Tonya Magnan, her daughter A.R. and A.S. Augustin Ganley of their rights, privileges and immunities secured by the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, by committing acts in violation of the Fourth Amendment protections against unreasonable seizures by detaining Magnan, A.R. and A.S. without any probable cause to believe they had committed any crimes, and without any legally justified investigative purpose. Said detentions were unreasonably and impermissibly long by any reasonable standards, and continued under unreasonable conditions.

20. **COUNT 2 - VIOLATION OF 42 U.S.C. § 1983 - FOURTH AMENDMENT - UNLAWFUL SEIZURE OF PROPERTY.** Defendants, acting under color of state law, deprived A.R. of her rights, privileges and immunities secured by the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, by committing acts in violation of the Fourth Amendment protections against unreasonable seizures by seizing her mobile phone without any legal basis.

21. **COUNT 3 - VIOLATION OF 42 U.S.C. § 1983 - FIRST AMENDMENT.** Defendants, acting under color of state law, deprived Plaintiff Magnan and A.R. of their rights, privileges and immunities secured by the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, by committing acts in violation of their First Amendment Right to Free Speech by seizing their property, unreasonably detaining them, and otherwise discriminating and retaliating against them for exercising their rights to engage in free expression, including the right to inform the media of their concerns about police conduct.

22.     **COUNT 4 - VIOLATIONS OF 42 U.S.C. § 1983 - FOURTEENTH AMENDMENT - INTERFERENCE WITH FAMILIAL RIGHTS.**  Defendants, acting under color of state law, have deprived Plaintiff Susan Hendrickson and A.S. their rights, privileges and immunities secured by the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, by committing acts in violation of the Fourteenth Amendment Right to Due Process by interference with Hendrickson's parental rights and both parties' familial relations when detaining and interrogating A.S. for a substantial period of time without notifying or obtaining permission from her mother, Plaintiff Hendrickson.

23.     **COUNT 5 - VIOLATIONS OF 42 U.S.C. § 1983 - CONSPIRACY.**  Defendants, acting under color of state law, deprived Plaintiffs and their daughters their rights, privileges and immunities secured by the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, by conspiring among themselves and with others to violate their rights under the First, Fourth and Fourteenth Amendments, in connection with the unlawful detentions and the accompanying violations.

24.     **COUNT 6 - VIOLATIONS OF 42 U.S.C. § 1983 - FAILURE TO PROPERLY TRAIN AND SUPERVISE.**  Defendant City of Minneapolis and individual Defendants deprived Plaintiffs of their rights, privileges and immunities secured by the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, by failing to properly train and supervise its police officers to respect the constitutional and other rights of its citizens, and thereby encouraged and implicitly authorized individual Defendants to violate the rights of Plaintiffs and their daughters.   The City of Minneapolis has maintained an ongoing practice and custom that continue with the incidents described in this Complaint, which includes

but is not limited to a pattern of disregard for the rights of citizens.

25. **COUNT 7 - FALSE IMPRISONMENT.** Defendants, by their above-described actions, wrongfully, illegally, and unjustifiably confined and restrained Plaintiff Magnan, A.R. and A.S. without their consent, and thereby falsely imprisoned them.

26. **COUNT 8 - NEGLIGENCE**. Defendants, by their above-described actions, breached their duty to exercise a reasonable standard of care in dealing with Plaintiffs and their daughters, and acted willfully and maliciously.

27. As a result of Defendants' above-described illegal conduct, Plaintiffs and their daughters have suffered the damages described in paragraph 17 of this Complaint.

### V.  RELIEF REQUESTED

WHEREFORE Plaintiffs pray for Judgment in their favor as follows:

1. Awarding judgment in favor of Plaintiffs and against the Defendants and each of them jointly and severally in an amount **in excess of** $50,000.00 as and for compensatory damages.

2. Awarding punitive damages against Defendants.

3.. Awarding Plaintiffs all of their costs and disbursements herein, and prejudgment interest.

4. Awarding Plaintiffs reasonable attorney fees pursuant to 42 U.S.C. § 1988.

5.   Such other and further relief as the Court may deem just and proper.


Dated:  August 22, 2011

                LAW OFFICE OF JORDAN S. KUSHNER


                By s/Jordan s. Kushner
                    Jordan S. Kushner, ID 219307
                    Attorney for Plaintiffs
                    431 South 7th Street, Suite 2446
                    Minneapolis, Minnesota  55415
                     (612) 288-0545